# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Marie F. Shamberger<br>Cecil L. Shamberger<br>　　　　　　　Debtor(s)<br>Marie F. Shamberger<br>Cecil L. Shamberger<br><br>　　　　　　　Movants<br>　　v.<br>Mortgage Assets Management, LLC<br>　　　　　　　Respondent<br><br>Scott F. Waterman<br>　　　　　　　Trustee | CHAPTER 13<br><br><br><br><br>NO. 19-11655 AMC<br><br><br><br>11 U.S.C. Section 362 |

## RESPONSE TO DEBTORS' MOTION TO REINSTATE AUTOMATIC STAY

Respondent Mortgage Assets Management, LLC, by and through its undersigned counsel, hereby responds to the Debtors' Motion to Reinstate Automatic Stay and, in response thereto, avers as follows:

1. Paragraph 1 of the Debtors' motion is admitted.

2. Admitted.

3. Admitted as stated.

4. Admitted as stated.

5. Admitted.

6. Admitted as stated. By way of further answer, the parties are endeavoring to finalize a stipulation to file with this Honorable Court that will allow Debtors to cure the default and stipulate to the reimposition of the automatic stay. Respondent respectfully notes that reimposition of the automatic stay is an extraordinary remedy in the Third Circuit, and the U.S. Court of Appeals for the Third Circuit requires a debtor to prove all the elements for injunctive relief under Bankruptcy Rule 7065 and Fed. R. Civ. P. 65 to reimpose the automatic stay, namely, "substantial likelihood of success on the merits, irreparable harm to the movant, harm to the movant outweighs the harm to nonmovant, and injunctive relief would not violate the public interest." *Wedgewood Inv. Fund Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 701 (3d

Cir. 1989). However, in this situation, given the relatively modest amount of the Debtors' default, and in the interests of justice and judicial economy, the parties are finalizing a Stipulation for this Honorable Court's approval that would, by consent, reinstate the automatic stay as well as cure the default on the hazard insurance within a reasonable period of time that was connected to the Court-approved Stipulation resolving Respondent's earlier motion for relief from the automatic stay.

WHEREFORE, Respondent respectfully requests that this Honorable Court approve the Stipulation when it is submitted and that it grant such other relief that would be equitable and just.

Respectfully submitted,

/s/ Mark A. Cronin
Mark A. Cronin, Esq.
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA  19106
Phone: (215) 627-1322 Ext. 8282
mcronin@kmllawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  Marie F. Shamberger<br>　　　　Cecil L. Shamberger<br>　　　　　　　　　　Debtor(s)<br>Marie F. Shamberger<br>Cecil L. Shamberger<br>　　　　　　　　　　Movants<br>　　　　　v.<br>Mortgage Assets Management, LLC<br>　　　　　　　　　　Respondent<br>Scott F. Waterman<br>　　　　　　　　　　Trustee | CHAPTER 13<br>BK NO: 19-11655 AMC |

**CERTIFICATE OF SERVICE**

　　　　I, the undersigned, certify that I served or caused to be served, on August 18, 2023, a copy of the Respondent's Response to Motion to Reimpose Stay was served herewith upon each of the following persons by the mode of transmission indicated below:

Scott F. Waterman
Chapter 13 Trustee
2901 St. Lawrence Ave., Suite 100
Reading, PA 19606

Sharon S. Masters Esquire
Law Office of Sharon S. Masters
132 Overleaf Drive
Thorndale, PA 19372


Method of Service:　　　ECF

Date:  August 18, 2023

　　　　　　　　　　　　　　　　　　　　/s/ *Mark A. Cronin*
　　　　　　　　　　　　　　　　　　　　Mark A. Cronin, Esq.
　　　　　　　　　　　　　　　　　　　　KML Law Group, P.C.
　　　　　　　　　　　　　　　　　　　　BNY Mellon Independence Center
　　　　　　　　　　　　　　　　　　　　701 Market Street, Suite 5000
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19106
　　　　　　　　　　　　　　　　　　　　Phone: (215) 627-1322 Ext. 8282
　　　　　　　　　　　　　　　　　　　　mcronin@kmllawgroup.com